# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NAUTILUS INSURANCE COMPANY, PLAINTIFF, v. CLEAN-CO SYSTEMS, INC. DEFENDANT. | Civil Action No. 1:26-cv-4790 **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Nautilus Insurance Company ("Nautilus"), for its Complaint for Declaratory Judgment against Defendant Clean-Co Systems, Inc. ("CleanCo"), alleges as follows:

## INTRODUCTION

1.      This is an insurance coverage dispute concerning the parties' rights and obligations under liability insurance policies issued by Nautilus to CleanCo (the "Nautilus Policies").[1]

2.      In this action, Nautilus seeks a declaration that the Nautilus Policies do not cover claims Enterprise Products Operating LLC ("Enterprise") made against CleanCo in a separate litigation proceeding presently pending (the "Underlying Litigation")[2] because: (1) such claims do not fall within any of the relevant insuring agreements of the Nautilus Policies; and/or (2) certain exclusions in the Nautilus Policies, including the Damage to Impaired Property Exclusion; the

---

[1]    A true and correct copy of the Nautilus Primary Policy No. ECP2043762-11 (the "Primary Policy") is attached as Exhibit A and a true and correct copy of Nautilus Excess Policy No. FFX2043764-11 (the "Excess Policy") is attached as Exhibit B.

[2]    *Clean-Co. Systems, Inc. v. Enterprise Products Operating, LLC*, filed as Cause No. 2025-93026, 270th District Court of Harris County, Texas, then removed to Cause No. 26-BC11B-0003, 11th Division Business Court of Harris County, Texas.

Damage To Property Exclusions; the Damage to Your Work Exclusion; the Professional Services Exclusion; the Express Warranties or Guarantees Exclusion; and/or the Professional Liability Exclusion, apply to preclude coverage.

3.      Nautilus also seeks a declaration that it has no duty to indemnify CleanCo under the Nautilus Policies for any judgment entered in the Underlying Litigation.

## THE PARTIES

4.      Plaintiff Nautilus Insurance Company issued the Nautilus Policies.  Nautilus is incorporated under the laws of Arizona and its principal place of business is located in Arizona.

5.      Defendant Clean-Co Systems, Inc. is a Texas company incorporated under the laws of Texas with a principal place of business in Channelview, Texas. It may be served by and through its registered agent James Rooney, 16308 Avenue C, Channelview, Texas 77530.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 2202 because Plaintiff is not incorporated in and does not have its principal place of business in the same state as the Defendant, and Plaintiff seeks a declaratory judgment determining the parties' respective rights and obligations with regards to an amount in controversy exceeding $75,000.

7.      Venue is proper because in the Primary Policy the parties specifically agreed that "in the event a dispute arises under the policy relating to the validity, interpretation, performance, and enforcement of the policy, the meaning, interpretation or operation of any term, condition, definition or provision, or the fulfillment of any party of any obligation with respect to the policy, all litigation shall take place in the State of New York, and that all parties shall submit to the jurisdiction of any court of competent jurisdiction within the State of New Yorjuryk, including

federal courts, and will comply with all the requirements necessary to give such court jurisdiction."[3]

## FACTUAL ALLEGATIONS

### I.     The Underlying Events and Litigation.

8.      This insurance coverage lawsuit relates to an Underlying Litigation that was initiated by CleanCo against Enterprise, in which Enterprise asserted counterclaims against CleanCo. The Underlying Litigation arises from alleged damage to an Auxiliary Boiler B ("Boiler") located at Enterprise's propane dehydrogenation ("PDH 1") facility in Mont Belvieu, Texas, arising from CleanCo's cleaning operations on the Boiler in or around July and August 2025.

9.      On or about May 2, 2003, Enterprise entered into a service agreement with CleanCo ("Service Agreement") governing work to be performed by CleanCo as a contractor for Enterprise. Then on or about July 28, 2025, Enterprise entered into a purchase order with CleanCo ("Purchase Order") in which CleanCo agreed to provide chemical cleaning services for the Boiler at Enterprise's PDH 1 plant.

10.     In the Underlying Litigation, Enterprise alleges that CleanCo caused damage to the Boiler while conducting its chemical cleaning services.  Enterprise asserts breach of contract and declaratory judgment counterclaims against CleanCo in relation to damage CleanCo allegedly caused to the Boiler.

11.     CleanCo has requested coverage from Nautilus under the Nautilus Policies for Enterprise's counterclaims in the Underlying Litigation, however, Nautilus believes the terms of

---

[3]    Exhibit A, Section VII – Conditions, 5. Choice of Forum.

the Nautilus Policies do not provide any coverage based upon the facts and circumstances alleged by Enterprise.

## II.    The Nautilus Policies.[4]

12.    Nautilus issued Primary Policy No. ECP2043762-11 to CleanCo Systems, Inc. for the policy period of June 05, 2025 to June 05, 2026.

13.    The Primary Policy contains three coverage parts, none of which apply to the allegations made by Enterprise against CleanCo in the Underlying Litigation.

*Primary Policy Coverage A – Bodily Injury and Property Damage Liability*

14.    In Coverage A, the Primary Policy provides that Nautilus will pay "those sums that the insured becomes legally obligated to pay as damages for . . .  property damage in excess of the deductible or self-insured retention," to which the Primary Policy applies caused by an "occurrence."[5]

15.    "Occurrence" is specifically defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, that is unexpected and unintended from the standpoint of a reasonable person."[6]

16.    The Primary Policy also defines "property damage" as "a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible

---

[4]    Pursuant to a Choice of Law provision, the Nautilus Policies are governed by New York law. Exhibit A, Section VII – Conditions, 4. Choice of Law; Exhibit B, paragraphs preceding Section I – Coverages.

[5]    Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 1. Insuring Agreement, a-b.

[6]    Exhibit A, Section IX – Definitions, 37.

property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it."[7]

17.    Coverage A of the Primary Policy includes multiple exclusions. One of these is the Impaired Property Exclusion, which provides, in relevant part:

> **2. Exclusions**
>
> . . .
>
> The insurance afforded under COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY does not apply to:
> . . .
>
> **c. Damage To Impaired Property Or Property Not Physically Injured**
>
> Property damage to impaired property or property that has not been physically injured, caused, in whole or in part by, or arising, directly or indirectly, out of:
>
> > (1)  A defect, deficiency, inadequacy or dangerous condition in your product or your work; or
> >
> > (2)  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property caused by the sudden and accidental physical injury to your product or your work after it has been put to its intended use.[8]

18.    The Primary Policy defines "impaired property" as "tangible property, other than your product or your work, that cannot be used or is less useful because: a. It incorporates your product or your work that is known or thought to be defective, deficient, inadequate or dangerous; or b. You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of your product or your work or your fulfilling the terms of the contract or agreement.[9]

---

[7]  Exhibit A, Section IX – Definitions, 44.
[8]  Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, c. Damage To Impaired Property Or Property Not Physically injured.
[9]  Exhibit A, Section IX – Definitions, 25.

19.    The Primary Policy defines "your work" as "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations." Your work "[i]ncludes: (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work, and (2) The providing of or failure to provide warnings or instructions."[10]

20.    Coverage A of the Primary Policy also includes a Damage To Property Exclusion, which provides, in relevant part:

> **2. Exclusions**
>
> . . .
>
> The insurance afforded under COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY does not apply to:
> . . .
>
> **d. Damage To Property**
>
> Property damage to:
> . . .
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly, on your behalf are performing operations, if the property damage arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it.
>
> . . .
>
> Paragraph (6) of this exclusion does not apply to property damage included in the products-completed operations hazard.[11]

21.    The Primary Policy defines "products-completed operations hazard," in relevant part, as "all . . . property damage occurring away from premises [CleanCo] own[s] or rent[s] and arising out of your product or your work except: . . . (2) Work that has not yet been completed or abandoned. However, your work will be deemed completed at the earliest of the following times:

---

[10]   Exhibit A, Section IX – Definitions, 55.
[11]   Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, d. Damage to Property.

(a) When all of the work called for in [CleanCo's] contract has been completed. (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site. (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed."[12]

22. Coverage A of the Primary Policy also includes a Damage To Your Work Exclusion, which provides, in relevant part:

> **2. Exclusions**
>
> . . .
>
> The insurance afforded under COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY does not apply to:
>
> . . .
>
> **f. Damage To Your Work**
>
> Property damage to your work arising out of it or any part of it and included in the products-completed operations hazard.
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.[13]

23. Coverage A of the Primary Policy also includes a Professional Services Exclusion, which provides, in relevant part:

> **EXCLUSIONS APPLICABLE TO COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> 1. This insurance does not apply to:
>
> . . .
>
> **d. Professional Services**

---

[12] Exhibit A, Section IX – Definitions, 42.

[13] Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, f. Damage To Your Work.

Bodily injury, property damage, or personal and advertising injury caused, in whole or in part by, or arising, directly or indirectly, out of the rendering of or failure to render any professional services, including but not limited to professional services.[14]

24.    The Primary Policy defines "professional services" as "those services performed by you or on your behalf, that are related to your practice as an architect, engineer, consultant, or surveyor that are performed for others for a fee."[15]

25.    Coverage A of the Primary Policy provides that Nautilus "will have the right and duty to defend the insured against any suit seeking" covered damages, "[h]owever, we will have no duty to defend the insured against any suit seeking damages for … property damage to which this insurance does not apply."[16]

*Primary Policy Coverage D – Contractors Pollution Liability*

26.    In Coverage D.1, the Primary Policy provides that Nautilus will pay "those sums that the insured becomes legally obligated to pay for loss for … property damage in excess of the deductible or self-insured retention, directly caused by pollution condition(s) that result from your covered operations and/or completed operations to which this insurance applies."[17]

27.    The insurance under Coverage D.1 applies to property damage "to the extent directly caused by a pollution condition only if the property damage "is caused by an occurrence,"

---

[14]   Exhibit A, Section I – Coverages, Exclusions Applicable to Coverage A – Bodily Injury and Property Damage Liability and Coverage B – Personal and Advertising Injury Liability, 1.d. Professional Services.

[15]   Exhibit A, Section IX – Definitions, 43.

[16]   Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 1. Insuring Agreement, a.

[17]   Exhibit A, Section I – Coverages, Coverage D – Contractors Pollution Liability, 1. Insuring Agreements – Coverage D – Contractors Pollution Liability, Coverage D.1 – Contractors Pollution Legal Liability, a.

the property damage "is directly caused by your covered and/or completed operations," and the pollution condition(s) "were unexpected and unintended from the standpoint of the insured."[18]

28.    The Primary Policy defines "pollution condition(s)" as "the discharge, dispersal, release, seepage, migration, or escape of pollutants into or upon land, any structure on land, the atmosphere or any watercourse or body of water, including groundwater."[19]

29.    The Primary Policy defines "covered operations" as "those activities performed for a third party by you or on your behalf at a site not owned or leased by you and as are set forth and described in your application.  Covered operations do not include completed operations."[20]

30.    The Primary Policy defines "completed operations" as "covered operations that have been completed.  Covered Operations will be deemed completed at the earliest of the following times: (a) When all of the work called for in your contract has been completed. (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site. (c) When that part of your work done at a job site has been put to its intended use by any person or organization other than another contractor or sub-contractor working on the same project.  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed operations."[21]

31.    Coverage D.1 of the Primary Policy provides that Nautilus "will have the right and duty to defend the insured against any suit seeking" payment for covered loss, "[h]owever, we will

---

[18]    Exhibit A, Section I – Coverages, Coverage D – Contractors Pollution Liability, 1. Insuring Agreements – Coverage D – Contractors Pollution Liability, Coverage D.1 – Contractors Pollution Legal Liability, b.
[19]    Exhibit A, Section IX – Definitions, 41.
[20]    Exhibit A, Section IX – Definitions, 17.
[21]    Exhibit A, Section IX – Definitions, 12.

have no duty to defend the insured against any suit seeking payment for loss to which this insurance does not apply."[22]

*Primary Policy Coverage E – Professional Liability*

32.     In Coverage E, the Primary Policy provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages in excess of the deductible or self-insured retention, that result from professional services to which this insurance applies" and "from an actual or alleged act, error or omission in the performance of professional services rendered by the insured."[23]

33.     The Primary Policy defines "professional services" as "those services performed by you or on your behalf, that are related to your practice as an architect, engineer, consultant, or surveyor that are performed for others for a fee."[24]

34.     Coverages D.1 and E of the Primary Policy include multiple exclusions. One of these is the Damage to Property Exclusion, which provides, in relevant part:

> **2. EXCLUSIONS APPLICABLE TO COVERAGES D AND E**
> . . .
>
> This insurance does not apply to bodily injury, property damage, loss, cleanup costs, emergency remediation costs, claim(s), suit(s), damages, and/or Supplementary Payments, including but not limited to defense costs:
> . . .
>
> **h. Damage To Property**
>
> Based upon or caused, in whole or part by, or arising, directly or indirectly, out of property damage to:
> …

---

[22]    Exhibit A, Section I – Coverages, Coverage D – Contractors Pollution Liability, 1. Insuring Agreements – Coverage D – Contractors Pollution Liability, Coverage D.1 – Contractors Pollution Legal Liability, a.

[23]    Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 1. Insuring Agreement, a.

[24]    Exhibit A, Section IX – Definitions, 43.

(5)  That particular part of real property on which you or any contractors or subcontractors working directly or indirectly, on your behalf are performing operations, if the property damage arises out of those operations; or

(6)  That particular part of any property that must be restored, repaired or replaced because your covered operations were incorrectly performed on it.[25]

35.    Another exclusion applicable to Coverages D.1 and E of the Primary Policy is the

Express Warranties or Guarantees Exclusion, which provides, in relevant part:

**2. EXCLUSIONS APPLICABLE TO COVERAGES D AND E**
. . .

This insurance does not apply to bodily injury, property damage, loss, cleanup costs, emergency remediation costs, claim(s), suit(s), damages, and/or Supplementary Payments, including but not limited to defense costs:
. . .

**k. Express Warranties or Guarantees**

Based upon or caused, in whole or in part by, or arising, directly or indirectly, out of any express warranty or guarantee. This exclusion does not apply to a warranty or guarantee by the Named Insured that the Named Insured's covered operations and/or professional services are in conformity with the generally accepted standard of care that would be applicable in the absence of such express warranty or guarantee.[26]

36.    Another exclusion applicable to Coverages D.1 and E of the Primary Policy is the

Professional Liability Exclusion, which provides, in relevant part:

**2. EXCLUSIONS APPLICABLE TO COVERAGES D AND E**
. . .

This insurance does not apply to bodily injury, property damage, loss, cleanup costs, emergency remediation costs, claim(s), suit(s), damages, and/or Supplementary Payments, including but not limited to defense costs:
. . .

**t. Professional Liability**

Based upon or caused, in whole or in part by, or arising, directly or indirectly, out of the rendering of or failure to render any professional services including professional services except as provided for under COVERAGE E – PROFESSIONAL LIABILITY, if purchased and selected on the Declarations page of this Policy. This exclusion applies even if claim(s) for damages against any insured allege negligence or other

---

[25]  Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 2. Exclusions Applicable to Coverages D and E, h. Damage To Property.

[26]  Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 2. Exclusions Applicable to Coverages D and E, k. Express Warranties or Guarantees.

wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.[27]

37.     Coverage E of the Primary Policy provides that Nautilus "will have the right and duty to defend the insured against any suit seeking" covered damages, "[h]owever, we will have no duty to defend the insured against any suit seeking damages to which this insurance does not apply."[28]

*Excess Policy*

38.     Nautilus also insured Cleanco under Excess Policy No. FFX2043764-11 for the policy period of June 05, 2025 to June 05, 2026. The Excess Policy provides Follow Form Excess Liability Coverage with a $5,000,000 limit of liability per occurrence subject to a $5,000,000 Policy Aggregate.[29]

39.     The Nautilus Primary Policy is identified in the Excess Policy's Schedule of Controlling Underlying Insurance.[30]

40.     In relevant part, the Excess Policy provides that "[t]his policy is subject to the same representations and warranties as are contained in the application for any controlling underlying insurance, and the insurance provided under this Coverage Form will follow the same terms, conditions, agreements, exclusions, definitions and limitations that are contained in the applicable controlling underlying insurance, unless otherwise directed by this insurance."[31] Thus, the Excess Policy incorporates the terms and conditions of the Primary Policy that are relevant in this lawsuit.

---

[27] Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 2. Exclusions Applicable to Coverages D and E, t. Professional Liability.

[28] Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 1. Insuring Agreement, a.

[29] Exhibit B, Declarations.

[30] Exhibit B, Schedule of Controlling Underlying Insurance.

[31] Exhibit B, paragraphs preceding Section I – Coverages.

**CAUSES OF ACTION**

41.     Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

42.     Nautilus and Cleanco are parties to the Nautilus Policies. An actual case or controversy exists between the parties whether, under the circumstances set forth above, coverage is afforded for the claims made in the Underlying Litigation under the terms, conditions, and exclusions of the Nautilus Policies and whether Nautilus owes any duty of defense or indemnity under these Nautilus Policies.

43.     Accordingly, pursuant to 28 U.S.C. § 2202, *et seq.*, Nautilus respectfully requests that this Court issue the following judicial declarations to terminate the uncertainty or controversy giving rise to this proceeding.

**COUNT I: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION BECAUSE SUCH CLAIMS DO NOT FALL WITHIN THE PRIMARY POLICY COVERAGE A INSURING AGREEMENT.**

44.     Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

45.     In relevant part, Coverage A of the Primary Policy provides that Nautilus will pay "those sums that the insured becomes legally obligated to pay as damages for . . . property damage in excess of the deductible or self-insured retention," to which the Primary Policy applies caused by an "occurrence."[32]

46.     The factual allegations against CleanCo in this Underlying Litigation do not fall within this insuring agreement of Coverage A of the Primary Policy. Specifically, Enterprise's

---

[32]   Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 1. Insuring Agreement, a-b.

allegations against CleanCo do not allege an "occurrence" as that term is defined in the Primary Policy.

47.    Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage A of the Primary Policy because the allegations made against CleanCo do not allege property damage caused by an occurrence.

48.    Nautilus likewise owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage A of the Primary Policy.

**COUNT II: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE PRIMARY POLICY COVERAGE A BECAUSE THE CLAIMS ARE PRECLUDED BY THE DAMAGE TO IMPAIRED PROPERTY EXCLUSION.**

49.    Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

50.    In relevant part, the Damage to Impaired Property Exclusion applicable to Coverage A in the Primary Policy precludes coverage for property damage to impaired property or property that has not been physically injured, caused, in whole or in part by, or arising, directly or indirectly, out of: (1) A defect, deficiency, inadequacy or dangerous condition in your product or your work; or (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.[33]

51.    To the extent claims asserted against CleanCo by Enterprise fall within the scope of the relevant insuring agreement under Coverage A of the Primary Policy, such claims are

---

[33]    Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, c. Damage To Impaired Property Or Property Not Physically injured.

nevertheless excluded from coverage by the Impaired Property Exclusion contained in the Primary Policy.

52.     Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage A of the Primary Policy because the allegations made against CleanCo are excluded by the Impaired Property Exclusion.

53.     Nautilus is also entitled to a declaration that it owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage A of the Primary Policy.

**COUNT III: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE PRIMARY POLICY COVERAGE A BECAUSE THE CLAIMS ARE PRECLUDED BY THE DAMAGE TO PROPERTY EXCLUSION.**

54.     Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

55.     The Primary Policy's Damage To Property Exclusion applicable to Coverage A precludes coverage, in relevant part for: "(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly, on your behalf are performing operations, if the property damage arises out of those operations; or (6) That particular part of any property that must be restored, repaired or replaced because your work was incorrectly performed on it."[34]

56.     To the extent claims asserted against CleanCo by Enterprise fall within the scope of the Coverage A insuring agreement under the Primary Policy, such claims are nevertheless

---

[34]   Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, d. Damage to Property.

excluded from coverage by the Damage To Property Exclusion applicable to Coverage A in the Primary Policy.

57.    Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage A of the Primary Policy because the allegations made against CleanCo are excluded by the Damage To Property Exclusion.

58.    Nautilus is also entitled to a declaration that it owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage A of the Primary Policy.

**COUNT IV: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE PRIMARY POLICY COVERAGE A BECAUSE THE CLAIMS ARE PRECLUDED BY THE YOUR WORK EXCLUSION.**

59.    Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

60.    The Primary Policy's Your Work Exclusion applicable to Coverage A precludes coverage, in relevant part, for property damage to your work arising out of it or any part of it and included in the products-completed operations hazard to the extent such work was not performed by a subcontractor.[35]

61.    To the extent claims asserted against CleanCo by Enterprise fall within the scope of the Coverage A insuring agreement under the Primary Policy, such claims are nevertheless excluded from coverage by the Your Work Exclusion within the Primary Policy.

---

[35]   Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, f. Damage To Your Work.

62.     Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage A of the Primary Policy because the allegations made against CleanCo are excluded by the Your Work Exclusion.

63.     Nautilus is also entitled to a declaration that it owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage A of the Primary Policy.

### COUNT V: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE PRIMARY POLICY COVERAGE A BECAUSE THE CLAIMS ARE PRECLUDED BY THE PROFESSIONAL SERVICES EXCLUSION.

64.     Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

65.     The Primary Policy's Professional Services Exclusion applicable to Coverage A precludes coverage, in relevant part, for property damage caused, in whole or in part by, or arising, directly or indirectly, out of the rendering of or failure to render any professional services.[36]

66.     To the extent claims asserted against CleanCo by Enterprise fall within the scope of the Coverage A insuring agreement under the Primary Policy, such claims are nevertheless excluded from coverage by the Professional Services Exclusion within the Primary Policy.

67.     Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage A of the Primary Policy because the allegations made against CleanCo are excluded by the Professional Services Exclusion.

---

[36]   Exhibit A, Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, f. Damage To Your Work.

68.    Nautilus is also entitled to a declaration that it owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage A of the Primary Policy.

**COUNT VI: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION BECAUSE SUCH CLAIMS DO NOT FALL WITHIN THE PRIMARY POLICY COVERAGE D INSURING AGREEMENT.**

69.    Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

70.    In relevant part, Coverage D.1 of the Primary Policy provides that Nautilus will pay "those sums that the insured becomes legally obligated to pay for loss for … property damage in excess of the deductible or self-insured retention, directly caused by pollution condition(s) that result from your covered operations and/or completed operations" to which the Primary Policy applies caused by an "occurrence," "directly caused by your covered and/or completed operations," and for pollution condition(s) that "were unexpected and unintended from the standpoint of the insured."[37]

71.    The factual allegations against CleanCo in this Underlying Litigation do not fall within this insuring agreement of Coverage D.1 of the Primary Policy. Specifically, Enterprise's allegations against CleanCo do not allege any unexpected and unintended property damage caused by "pollution condition(s)" as that term is defined in the Primary Policy.

72.    Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage D.1 of the Primary Policy because the

---

[37]    Exhibit A, Section I – Coverages, Coverage D – Contractors Pollution Liability, 1. Insuring Agreements – Coverage D – Contractors Pollution Liability, Coverage D.1 – Contractors Pollution Legal Liability, a-b.

allegations made against CleanCo do not allege unexpected and unintended property damage caused by a pollution condition.

73.    Nautilus likewise owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage D.1 of the Primary Policy.

**COUNT VII: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION BECAUSE SUCH CLAIMS DO NOT FALL WITHIN THE PRIMARY POLICY COVERAGE E INSURING AGREEMENT.**

74.    Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

75.    In relevant part, Coverage E of the Primary Policy provides that Nautilus will pay "those sums that the insured becomes legally obligated to pay as damages in excess of the deductible or self-insured retention, that result from professional services to which this insurance applies" and "from an actual or alleged act, error or omission in the performance of professional services rendered by the insured."[38]

76.    The factual allegations against CleanCo in this Underlying Litigation do not fall within this insuring agreement of Coverage E of the Primary Policy. Specifically, Enterprise's allegations against CleanCo do not allege any damages resulting from "professional services" as that term is defined in the Primary Policy.

77.    Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage E of the Primary Policy because the allegations made against CleanCo do not allege damages resulting from professional services.

---

[38]    Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 1. Insuring Agreement, a.

78.    Nautilus likewise owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage E of the Primary Policy.

**COUNT VIII: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE PRIMARY POLICY COVERAGES D OR E BECAUSE THE CLAIMS ARE PRECLUDED BY THE DAMAGE TO PROPERTY EXCLUSION.**

79.    Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

80.    The Primary Policy's Damage To Property Exclusion applicable to Coverages D and E precludes coverage, in relevant part for: "(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly, on your behalf are performing operations, if the property damage arises out of those operations; or (6) That particular part of any property that must be restored, repaired or replaced because your covered operations were incorrectly performed on it."[39]

81.    To the extent claims asserted against CleanCo by Enterprise fall within the scope of the Coverage D.1 or Coverage E insuring agreement under the Primary Policy, such claims are nevertheless excluded from coverage by the Damage To Property Exclusion applicable to Coverages D and E in the Primary Policy.

82.    Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage D.1 or E of the Primary Policy because the allegations made against CleanCo are excluded by the Damage To Property Exclusion.

---

[39]    Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 2. Exclusions Applicable to Coverages D and E, h. Damage to Property.

83.     Nautilus is also entitled to a declaration that it owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage D.1 or E of the Primary Policy.

**COUNT IX: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE PRIMARY POLICY COVERAGES D OR E BECAUSE THE CLAIMS ARE PRECLUDED BY THE EXPRESS WARRANTIES OR GUARANTEES EXCLUSION.**

84.     Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

85.     The Primary Policy's Express Warranties or Guarantees Exclusion applicable to Coverages D and E precludes coverage, in relevant part for property damage and claims, *inter alia*, "[b]ased upon or caused, in whole or in part by, or arising, directly or indirectly, out of any express warranty or guarantee," other than a warranty or guarantee by CleanCo that its "covered operations and/or professional services are in conformity with the generally accepted standard of care that would be applicable in the absence of such express warranty or guarantee."[40]

86.     To the extent claims asserted against CleanCo by Enterprise fall within the scope of the Coverage D.1 or Coverage E insuring agreement under the Primary Policy, such claims are nevertheless excluded from coverage by the Express Warranties or Guarantees Exclusion applicable to Coverages D and E in the Primary Policy.

87.     Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage D.1 or E of the Primary Policy because the

---

[40] Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 2. Exclusions Applicable to Coverages D and E, k. Express Warranties or Guarantees.

allegations made against CleanCo are excluded by the Express Warranties or Guarantees Exclusion.

88.    Nautilus is also entitled to a declaration that it owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage D.1 or E of the Primary Policy.

**COUNT X: NAUTILUS HAS NO DUTY TO DEFEND OR INDEMNIFY CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE PRIMARY POLICY COVERAGES D OR E BECAUSE THE CLAIMS ARE PRECLUDED BY THE PROFESSIONAL LIABILITY EXCLUSION.**

89.    Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

90.    The Primary Policy's Professional Liability Exclusion applicable to Coverages D and E precludes coverage, in relevant part, for property damage and claims, *inter alia*, "[b]ased upon or caused, in whole or in part by, or arising, directly or indirectly, out of the rendering of or failure to render any professional services including professional services except as provided for under COVERAGE E – PROFESSIONAL LIABILITY, if purchased and selected on the Declarations page of this Policy. This exclusion applies even if claim(s) for damages against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured."[41]

91.    To the extent claims asserted against CleanCo by Enterprise fall within the scope of the Coverage D.1 or Coverage E insuring agreement under the Primary Policy, such claims are

---

[41]    Exhibit A, Section I – Coverages, Coverage E – Professional Liability, 2. Exclusions Applicable to Coverages D and E, t. Professional Liability.

nevertheless excluded from coverage by the Professional Liability Exclusion applicable to Coverages D and E in the Primary Policy.

92.     Nautilus is therefore entitled to a declaration that Nautilus has no duty to defend CleanCo in the Underlying Litigation under Coverage D.1 or E of the Primary Policy because the allegations made against CleanCo are excluded by the Professional Liability Exclusion.

93.     Nautilus is also entitled to a declaration that it owes no duty of indemnity to CleanCo for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under Coverage D.1 or E of the Primary Policy.

**COUNT XI: NO COVERAGE EXISTS FOR THE CLAIMS AGAINST CLEANCO IN THE UNDERLYING LITIGATION UNDER THE EXCESS POLICY FOR THE SAME REASONS NO SUCH DUTIES ARE OWED UNDER THE PRIMARY POLICY.**

94.     Nautilus reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

95.     In relevant part, the Excess Policy provides that "[t]his policy is subject to the same representations and warranties as are contained in the application for any controlling underlying insurance, and the insurance provided under this Coverage Form will follow the same terms, conditions, agreements, exclusions, definitions and limitations that are contained in the applicable controlling underlying insurance, unless otherwise directed by this insurance."[42] Thus, the Excess Policy incorporates the terms and conditions of the Primary Policy that are relevant in this lawsuit.

96.     As set forth in detail above, the claims against CleanCo in the Underlying Litigation (1) do not fall within the scope of the relevant insuring agreement in the Primary Policy; and/or (2) are otherwise excluded from coverage under the Primary Policy. These same reasons preclude

---

[42]   Exhibit B, paragraphs preceding Section I – Coverages.

coverage under the Excess Policy given that the Excess Policy incorporates those same policy provisions.

97.    Nautilus is therefore entitled to a declaration that Nautilus has no coverage obligations to CleanCo in the Underlying Litigation under the Excess Policy for the same reasons set forth in Counts I through X.

## PRAYER

WHEREFORE, Nautilus respectfully requests that the Court enter a judgment:

(a)    declaring Nautilus owes no duty under Coverage A of the Primary Policy to defend claims made by Enterprise against CleanCo in the Underlying Litigation because the claims do not allege property damage resulting from an occurrence as those terms are defined in the Primary Policy;

(b)    declaring that Nautilus has no duty under Coverage A of the Primary Policy to defend CleanCo in the Underlying Litigation because the allegations made against CleanCo are excluded by (1) the Impaired Property Exclusion; (2) the Damage To Property Exclusion; (3) the Your Work Exclusion; and/or (4) the Professional Services Exclusion applicable to Coverage A in the Primary Policy;

(c)    declaring that Nautilus likewise owes no duty of indemnity to CleanCo under Coverage A of the Primary Policy for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under the Primary Policy;

(d)    declaring Nautilus owes no duty under Coverage D.1 of the Primary Policy to defend claims made by Enterprise against CleanCo in the Underlying Litigation because the claims do not allege unexpected and unintended property damage caused by a pollution condition as those terms are defined in of the Primary Policy;

(e)      declaring that Nautilus has no duty under Coverage D.1 of the Primary Policy to defend CleanCo in the Underlying Litigation because the allegations made against CleanCo are excluded by (1) the Damage To Property Exclusion; (2) the Express Warranties or Guarantees Exclusion; and/or (3) the Professional Liability Exclusion applicable to Coverage D in the Primary Policy;

(f)      declaring that Nautilus likewise owes no duty of indemnity to CleanCo under Coverage D.1 of the Primary Policy for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under the Primary Policy;

(g)      declaring Nautilus owes no duty under Coverage E of the Primary Policy to defend claims made by Enterprise against CleanCo in the Underlying Litigation because the claims do not allege any damages resulting from "professional services" as that term is defined in the Primary Policy;

(h)      declaring that Nautilus has no duty under Coverage E of the Primary Policy to defend CleanCo in the Underlying Litigation because the allegations made against CleanCo are excluded by (1) the Damage To Property Exclusion; (2) the Express Warranties or Guarantees Exclusion; and/or (3) the Professional Liability Exclusion applicable to Coverage E in the Primary Policy;

(i)      declaring that Nautilus likewise owes no duty of indemnity to CleanCo under Coverage E of the Primary Policy for the claims in the Underlying Litigation because the same reasons that negate any duty to defend likewise negate the possibility of indemnity under the Primary Policy;

(j)      declaring that Nautilus has no coverage obligations to CleanCo in the Underlying Litigation under the Excess Policy for the same reasons set forth in Counts I through X;

(k)      awarding Nautilus its attorneys' fees and taxable costs to the extent allowed by contract and law; and

(l)      awarding all other and further relief as the Court deems just and proper.

Dated:  June 5, 2026                                           Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Julie Martin*

Manuel Mungia (*pro hac vice* forthcoming)
NORTON ROSE FULBRIGHT US LLP
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Tel. (210) 270-7022 | Fax (210) 270-7205
manuel.mungia@nortonrosefulbright.com

Julie S. Martin
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Telephone: (512) 536-2493
julie.martin@nortonrosefulbright.com

Chad Schreiber (*pro hac vice* forthcoming)
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel. (713) 651-3560 | Fax (713) 651-5246
chad.schreiber@nortonrosefulbright.com

*Attorneys for Plaintiff*